IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

STEPHANIE NICOLE CRUMLEY                                          PLAINTIFF

V.                          CASE NO. 3:19-CV-03005

SHERIFF MIKE MOORE; JAIL
ADMINISTRATOR JASON DAY;
NURSE JODY WOODS, Jail Nurse;
OFFICER GENE ATWELL; and
DR. LEE, Mediquick                                                DEFENDANTS

## OPINION AND ORDER

Plaintiff Stephanie Nicole Crumley filed this action pursuant to 42 U.S.C. § 1983. She proceeds *pro se* and *in forma pauperis*. Plaintiff names as Defendants Sheriff Mike Moore, Jail Administrator Jason Day, Nurse Jody Woods, Officer Gene Atwell and Dr. Lee. The original Complaint was served on Sheriff Moore and Jail Administrator Day. When they answered, they identified the jail nurse as Nurse Woods and the arresting officer as Officer Atwell. Service was directed to these Defendants. Plaintiff added Dr. Lee as a Defendant in the Amended Complaint filed on March 11, 2019.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks to proceed *in forma pauperis*. 28 U.S.C. § 1915A(a). The Court must determine whether the Amended Complaint should be served on Dr. Lee.

### I. BACKGROUND

According to the allegations of the Amended Complaint (Doc. 16), excessive force was used against Plaintiff when she was arrested. Plaintiff also alleges that she was

1

denied medical care while incarcerated. On November 8, 2018, when she was arrested, Plaintiff asserts that the officers put their knees on her back and pushed down hard despite her saying repeatedly that her back was hurt. Plaintiff alleges she was forced to walk even though she was hurt. Plaintiff states that "[t]he only concern the jailers had was staples still in my leg." *Id.* at 4. Plaintiff alleges that her "back [was] broken and also her leg." *Id.* at 5.

Upon arrival at the jail, Plaintiff alleges Nurse Woods removed her staples, but Plaintiff believes she should have been referred to an orthopedic doctor. Plaintiff alleges Dr. Lee from Mediquick and Nurse Woods refused to refer her to physical therapy. *Id.* at 6. Plaintiff indicates that Dr. Lee did x-ray her back but found "no obvious break." *Id.* at 8.

Plaintiff maintains: "I walk sideways and have burning pain in my foot and also in my lower back. My legs go numb." *Id.* at 6. She claims she has had to learn how to walk without a leg or back brace. Plaintiff also mentions that she passed out in her cell but received no medical help. Finally, she indicates she has submitted sick call requests and grievances about her ankle hurting. *Id.* at 8.

As relief, Plaintiff seeks compensatory and punitive damages. Plaintiff states she will need medical treatment to repair the damage now and for therapy in the future.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted,

or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

However, mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007,

3

1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

"Section 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citations omitted). A private physician may act under color of state law when he is under contract with the governmental entity, conspires with governmental actors, or otherwise takes on the government's obligation to provide medical care rather than merely assisting in the provision of care. *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970) (holding proof of conspiracy between restaurant and police established restaurant acted under color of law); *Rodriguez v. Plymouth Ambulance Svc.*, 577 F.3d 816, 825-29 (7th Cir. 2009) (when determining if a private physician may be liable under § 1983, a court must look to the degree the physician is controlled by the state, the existence and nature of a contractual relationship, and the degree the private physician replaces the state's provision of medical care); *see also Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 n. 2, 295-96 (2001) (discussing the under-color-of-law requirement of § 1983 and the state-action requirement of the Fourteenth Amendment and listing multiple tests used to determine whether a private party is a state actor).

In this case, Plaintiff has alleged only that Dr. Lee saw the Plaintiff on one occasion, ordered an x-ray of her back, and refused to refer her to an orthopedic physician or for physical therapy. There is no allegation that Dr. Lee was under contract with the State, had been delegated a power traditionally reserved to the State, or was a willful participant

in joint activity with a State agency. There is also no allegation that there was pervasive entwinement between Dr. Lee and the State.

"[P]rivate conduct, no matter how egregious, discriminatory, or harmful, is beyond the reach of § 1983." *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007). As there is no reason to believe Dr. Lee acted under color of state law, the claim against Dr. Lee will be dismissed.

## IV. CONCLUSION

For the reasons set forth herein, the Court finds that no plausible claims are stated against Dr. Lee. The **claims against Dr. Lee are DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii) (*in forma pauperis* action, or any portion of it, may be dismissed at any time due to frivolousness or for failure to state a claim).

**IT IS SO ORDERED** on this 25-th day of March, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE