IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

STEPHANIE NICOLE CRUMLEY                                           PLAINTIFF

V.                    CASE NO. 3:19-cv-03005

SHERIFF MIKE MOORE; JAIL
ADMINISTRATOR JASON DAY;
NURSE JODY WOODS; and
OFFICER GENE ATWELL                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. She proceeds *pro se* and *in forma pauperis*. Currently before the Court is the Motion to Dismiss (Doc. 13) for failure to state a claim filed by Separate Defendants Sheriff Mike Moore and Jail Administrator Jason Day, in both their individual and official capacities, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the Motion to Dismiss.

### I.    BACKGROUND

Plaintiff is incarcerated in the Boone County Detention Center ("BCDC"). According to the allegations of the Amended Complaint (Doc. 16),[1] when Plaintiff was arrested on November 8, 2018, officers put their knees on her back despite her saying her back was hurt. After she complained of her back hurting, Plaintiff alleges the officers

---

[1] Prior to the Motion to Dismiss being filed, Plaintiff was granted leave to file an amended complaint. Plaintiff was told to, among other things, name each defendant who violated her constitutional rights; state exactly what each defendant did or failed to do; state how the action or inaction of each defendant was connected to the violation of Plaintiff's constitutional rights; and state what specific injury she suffered because of each defendants' conduct. (Doc. 11). As the Amended Complaint was to state in more particularity what each Defendant did, the Court is analyzing it under Rule 12(b)(6).

1

pushed down harder. When she arrived at the BCDC, Plaintiff alleges she was forced to walk despite her complaint that her back was "broken" and her leg hurt. Plaintiff maintains the jailers were only concerned with the fact that she had staples in her leg.

Upon arrival at the BCDC, Plaintiff alleges Nurse Woods removed the staples. Plaintiff believes she should have been referred to an orthopedic doctor and undergone physical therapy. She does state that an x-ray was taken that showed no obvious break in her back. She indicates she now walks "with [a] pronounced limp & sideways." Plaintiff alleges she has burning pain in her foot and lower back, and her legs go numb.

Finally, Plaintiff contends she suffered a head injury in an accident in August of 2018, prior to her arrest. She maintains that when she was in jail in November of 2018, she passed out and hit the call button, but received no help.

As relief for her claims, Plaintiff seeks compensatory and punitive damages. She indicates she will need medical treatment to repair the damage to her body, as well as physical therapy.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

2

is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support her claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

### A. Sherriff Moore — Individual & Supervisory Liability Claims

Sheriff Moore argues that even accepting Plaintiff's allegations as true, the Amended Complaint fails to state facts showing that he committed any wrongful activity or caused any damage or injury. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendant, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (*quoting Mayorga v. Mo.*, 442 F.3d 1128, 1132 (8th Cir. 2006)); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (no evidence that the defendants were doctors or were personally involved in making medical decisions about treatment); *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (section 1983 liability

3

requires some personal involvement or responsibility). Here, Plaintiff has not alleged that Sheriff Moore was present during the arrest, was even aware that Plaintiff was injured in any way, or was involved in deciding the medical care she should receive. Plaintiff has established no causal link or direct responsibility of Sheriff Moore to the alleged deprivation of rights. Based on the allegations of the Amended Complaint, Sheriff Moore is not liable in his individual capacity.

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994); *see also Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 928 (8th Cir. 2010) ("In a § 1983 case, an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability") (internal quotations omitted); *Keeper v. King*, 130 F.3d at 1314 ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). Sheriff Moore is not liable for the alleged misdeeds of his staff.

### B. Administrator Day — Individual and Supervisory Liability Claims

Just as with Sheriff Moore, there are no allegations that Administrator Day was personally involved in the alleged constitutional violations, was even aware of Plaintiff's injuries, or was involved in any way in the treatment decisions. No individual-liability claim is stated against Administrator Day.

Likewise, the allegations of the Amended Complaint provide no grounds on which Administrator Day may be held liable for the actions of his staff. No supervisory liability claim is stated against Administrator Day.

### C. Sheriff Moore and Administrator Day — Official Capacity Claims

Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, the official capacity claims against Sheriff Moore and Administrator Day are treated as claims against Boone County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

A plaintiff "seeking to impose liability on a municipality under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and, (2) where a facially lawful municipal policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged a plausible "policy" claim, as she has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate." *Jenkins v. Cnty. of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009). Merely alleging a use of excessive force is insufficient. Plaintiff has not pointed to a "deliberate choice of a guiding principle or procedure made by the institution's official who has final authority in

such matters." *Id*. The same is true for the denial of medical care claim. She has not alleged the existence of any policy that resulted in her suffering constitutional injury.

"[A] custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." *Id*. at 634 (internal quotation marks and citation omitted). Plaintiff has not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct. The official-capacity claims against Sheriff Moore and Administrator Day are dismissed.

### IV. CONCLUSION

For these reasons, the Motion to Dismiss (Doc. 13) filed by Sheriff Moore and Administrator Day is **GRANTED**, and all claims against them are **DISMISSED WITHOUT PREJUDICE**. Sheriff Moore and Administrator Day are terminated as Defendants.

**IT IS SO ORDERED** on this 9th day of April, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE